UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

REBECCA TEW,

     Plaintiff,

v.

LION COUNTRY SAFARI, INC. - FLORIDA,

     Defendant.

_____/

## COMPLAINT

COMES NOW, The Plaintiff, REBECCA TEW, ("Plaintiff"), by and through the undersigned counsel, hereby files this Civil Action against Defendant, LION COUNTRY SAFARI, INC. – FLORIDA, ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages for discriminatory treatment and retaliation under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), the Americans with Disabilities Act ("ADA") for damages resulting from Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and Defendant's violation of Section 440.205 of the Florida Workers' Compensation Act.

2. This Court has jurisdiction over Plaintiff's claims.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Palm-Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Palm-Beach County, Florida, where Plaintiff worked for Defendant.

1

5.   Venue is proper in Palm-Beach County, Florida because all of the actions that form the basis of this Complaint occurred within Plam-Beach County, Florida and payment was due in Palm-Beach County, Florida.

6.   Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statutes, the FCRA.

7.   At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8.   At all times material hereto, Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year.

9.   At all times material hereto, Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months

10.   Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

11.   Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12.   All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed by Defendant as a Chief Financial Officer from on or about January 9, 2023, until on or about April 1, 2024.

14. On or about September 10, 2023, Plaintiff suffered a spinal Injury in the lumbar spine area and had herniated discs.

15. The Retail Manager, Lesly Joseph, tried moving a 5 (five) to 6 (six)-foot Z-rack that was being used for clearance.

16. The rack was overloaded and heavy with merchandise and clothes.

17. While Ms. Joseph moved the rack she knocked it over, and the bar where all her clothes were hanging and smacked Plaintiff between her spine and hip.

18. On or about September 11, 2023, the incident was reported to Carrie Chieffalo in Human Resource Department.

19. Plaintiff did not get to see the doctor until about two weeks later because Plaintiff could not miss work.

20. Plaintiff's Vice President, Jennifer Berthiaume, told Plaintiff that she had directed them to get rid of the rack previously because it seemed to have issues and was flimsy and so this got thrown out after the incident report.

21. Plaintiff saw a doctor on or about September 28, 2023, or September 29, 2023.

22. Plaintiff saw Care Spot in Wellington Florida which was insured through Worker's Compensation insurance from the company.

23. After Plaintiff visited the doctor, he had given Plaintiff restrictions such as no bending, no picking up over 10 (ten) lbs., and no twisting, and recommended Plaintiff to get an MRI done.

24. The administration of Defendant did not accommodate Plaintiff's restrictions while she was working in tremendous pain.

25. Plaintiff used to walk the park after lunch but because of Plaintiff's incident, she could no longer walk for long since it was a 30 (thirty) to 40 (forty) minute walk. The walk described was done with the executive staff and those that were part of it used the time to discuss company business. By being unable to participate, Plaintiff missed out on these meetings.

26. Once Plaintiff brough that up, Plaintiff began to be excluded from meetings, and people would not talk to Plaintiff.

27.  On or about October of 2023, a managers meeting was held the CEO, Marc Unterhalter, commented "People need to be more careful that we have too many Worker's Compensation claims and people do not take the necessary precautions."

28. This comment was made in front of Plaintiff's co-workers and Plaintiff felt called out and embarrassed.

29. Plaintiff was constantly chastised and scrutinized about her work but it was impossible to do Plaintiff's job when there was no open communication.

30. Defendant would have meetings where Plaintiff be grilled about work.

31.  Plaintiff was blamed for an instance of theft that took place in the guest service department which has nothing to do with Plaintiff's department.

32. Plaintiff has no authority or say over that department and Plaintiff got blamed for the staff stealing when it was not Plaintiff's staff.

33. The person responsible for overseeing that Department was Patrick Schuh.

34. Mr. Unterhalter would avoid making eye contact with Plaintiff when he spoke with her and would generally avoid Plaintiff.

35. They depleted Plaintiff's paid time off by using it for the time Plaintiff had to take off due to her injury from when they were supposed to have the Worker's Compensation pay Plaintiff.

36. The company did not accommodate Plaintiff's restrictions and Plaintiff was treated however after the incident had taken place, Plaintiff was treated differently as if it was her fault that Plaintiff had gotten injured.

37. Plaintiff's employer advised Plaintiff that they were going to put her on FMLA.

38. Plaintiff's orthopedic surgery was scheduled for on or about March 15, 2024.

39. The day prior, on or about March 14, 2024, Plaintiff received a letter from Human Resource Director, Nicole Anderson.

40. The letter stated that, due to the nature of Plaintiff's position with Defendant, it did not have to hold Plaintiff's position for her FMLA request.

41. Fifteen days later, on March 29, 2024, the Nurse Case Manager from Nationwide, the Third-Party Administrator, for Lion Country Safari's Worker's Compensation claims assisted Plaintiff and turned in an FMLA form to Lion Country Safari to authorize Plaintiff's FMLA leave.

42. One week after Plaintiff's surgery, Lion Country Safari advised Plaintiff that her FMLA claim was being denied due to the fact that Plaintiff had not turned in her FMLA paperwork.

43. On or about April 1, 2024, Plaintiff received notification by telephone that Plaintiff's position retroactively eliminated as of March 29, 2024.

44. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

45. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

46. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Hostile Work Environment in Violation of the FCRA*

47. Plaintiff re-adopts each and every factual allegation as stated in 1-46 of this Complaint as if set out in full herein.

48. Defendant is an employer as that term is used under the applicable statutes referenced above.

49. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the FCRA.

50. Plaintiff, as a female, disabled individual, is within a protected class as envisioned by the FCRA.

51. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a female, disabled individual.

52. Defendant is liable for this conduct, either vicariously or directly, because Bruce Garnet had knowledge of the harassment and abuse and no remedial or disciplinary action was undertaken.

53. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

54. These damages are continuing and are permanent.

6

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### Retaliation in Violation of the FCRA

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 44 above as if set out in full herein.

56.  Defendant is an employer as that term is used under the applicable statutes referenced above.

57.  The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

58.  The foregoing unlawful acts by Defendant were purposeful.

59.  Plaintiff engaged in a statutorily protected activity by reporting the incidents to Human Resources with Defendant and she was the victim of retaliation, thereafter, as related in part above.

60.  Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

61.  As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

62.  These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A.   Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I.  Grant Plaintiff a trial by jury; and

J.  Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Disability Discrimination in Violation of the FCRA*

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 above as is set out in full herein.

64. Plaintiff has a disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

65. Plaintiff was regarded as having or know to have a disability by Defendant and Defendant's agents.

66. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to

disability-based animosity.

67. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a spinal injury in the lumbar spine area and had herniated discs.

68. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

69. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

70. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

71. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

72. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

73. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

74. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

75. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

76. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.   For a money judgment representing prejudgment interest;

H.   Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I.   Grant Plaintiff a trial by jury; and

J.   Grant such other and further relief as the Court deems just and proper.

### COUNT IV
*Failure to Accommodate in Violation of the ADA and ADAAA*

77.  Plaintiff incorporates herein each and every general and factual allegation contained in paragraphs 1-46, inclusive, as though same were fully re-written, and says:

78.  Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation.  Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA")  § 101(8) (42 U.S.C.  § 12111(8)).

60. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff s request was reasonable and would not have caused Defendant undue hardship.

61. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff s rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

### COUNT V
#### *Disability Discrimination in Violation of the ADA*

79. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 above as is set out in full herein.

80. Plaintiff is a member of a protected class under the ADA.

81. Plaintiff was regarded as having or know to have a disability by Defendant and Defendant's agents.

82. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

83. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a spinal injury in the lumbar spine area and had herniated discs.

13

84. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

85. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

86. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

87. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

88. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

89. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

90. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

91. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights,

thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

92. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA, and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the ADA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I.  Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT VI
### *Retaliation in Violation of the ADA*

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 of this complaint as if set out in full herein.

94. Plaintiff is a member of a protected class under the ADA.

95. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

96. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

95. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

97. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

98. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and

others, from such action in the future.

99. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### <u>COUNT VII</u>
*Violation of Americans with Disabilities Act: Hostile Work Environment*

100. Plaintiff pursuant to the Americans with Disabilities Act, sues Defendant, and re-alleges as set forth herein paragraphs 1-46 of this initial complaint and states:

101. Defendant is an employer as that term is used under the applicable statutes referenced above.

102.   The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under Title VII of Civil Right Act of 1964.

103.   Plaintiff, as a mother with a disabled child, who also suffered from a disability, is within a protected class as envisioned by the Americans with Disabilities Act.

104.   During her employment with Defendant, the owner of the Company, Sammy Rivera subjected Plaintiff to unwelcome harassment.

105.   The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a Venezuelan woman. The harassment was decidedly severe, as Sammy Rivera had continuously harassed and yelled at Plaintiff.

106.   The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was terminated.

107.   Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse and no remedial or disciplinary action was undertaken.

108.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

109.   These damages are continuing and are permanent.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant; find that the Defendant indeed violated the Americans with Disabilities Act by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A.   Declare that the acts complained of herein are in violation of Americans with Disabilities Act;

B.   Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.   Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.   Reinstate full fringe benefits and seniority rights to Plaintiff;

F.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.   For a money judgment representing prejudgment interest;

H.   Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I.   Grant Plaintiff a trial by jury; and

J.   Grant such other and further relief as the Court deems just and proper.

**COUNT VIII**
***Interference with Rights under the FMLA***

110.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 of this Complaint as if set out in full herein.

111.   At all times material hereto, Plaintiff was an individual entitled to protections under the FMLA.

112.   Plaintiff was an employee within the meaning of the FMLA.

113.   Plaintiff was eligible for FMLA leave due to her suffering from one or more serious health conditions within the meaning of the FMLA, specifically Plaintiff sustained injuries to her back and knee, which required Plaintiff to be placed in a straight leg brace for an extended period of time.

114.   Plaintiff gave Defendant sufficient notice of her physical health condition and need for leave under the FMLA.

115.   Plaintiff qualified for and was approved for such leave, which began on or about February 9, 2021.

116.   Under the FMLA, Plaintiff had the right to be able to take leave and be restored to her former position or its equivalent.

117.   When Defendant terminated Plaintiff, Defendant interfered with Plaintiff's right to take FMLA leave and to return to her position (or its equivalent), constituting violations of the FMLA.

118.   As a result of Defendant's willful, unlawful conduct, Plaintiff has suffered and continues to suffer damages.

119.   Defendant, by and through its officers, agents, and/or representatives, authorized, condoned, and/or ratified the unlawful conduct of its employees.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FMLA and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IX
#### *Retaliation in Violation of the FMLA*

120.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 of this Complaint as if set out in full herein.

121.  At all times material hereto, Plaintiff was an individual entitled to protections under the FMLA.

122.  Plaintiff was an employee within the meaning of the FMLA.

123.  Plaintiff was eligible for FMLA leave due to her suffering from one or more serious health conditions within the meaning of the FMLA, specifically Plaintiff sustained injuries to her back and knee, which required Plaintiff to be placed in a straight leg brace for an extended period of time.

124.   Plaintiff gave Defendant sufficient notice of her physical health condition and need for leave under the FMLA.

125.   Plaintiff qualified for and was approved for such leave, which began on or about February 9, 2021.

126.   The fact that Plaintiff requested and/or took such leave was a "protected activity" under the FMLA.

127.   Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

128.   Plaintiff requested and was approved for FMLA leave during her employment with Defendant. Plaintiff requested and subsequently used the intermittent FMLA leave to manage and recuperate from her serious health condition(s) within the meaning of the FMLA due to Defendant's failure to accommodate her, as related in part above and was terminated shortly thereafter. There is thus a causal connection between Plaintiff's protected activity and the retaliatory employment action that followed.

129.   Defendant's purported reason(s) for terminating Plaintiff, if any, are pretextual.

130.   Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

131.   As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FMLA and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been retaliated against by Defendant, or in lieu of reinstatement, award her front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
### *Retaliation Under Fla. Stat. § 440.205*

132.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 above as if set out in full herein.

133.  As a result of Plaintiff's work-related injuries, Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

134.  Defendant's termination of Plaintiff was thus in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

135.   Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated Fla. Stat. § 440.205 and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 6, 2024          Respectfully submitted,

*/s/: Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 188239
pmh@rgph.law
**REMER, GEORGES-PIERRE &**
**HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone

25